United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Great American Insurance Company, Plaintiff, <br><br> v. <br><br> Origis USA LLC and Guy Vanderhaegen, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 23-22132-Civ-Scola <br> ) <br> ) <br> ) |

### Order Granting Motion to Dismiss

This dispute concerns two lawsuits, one filed in federal court and one filed in state court, to determine the duties of an insurer, Great American Insurance Company, under a directors and officers liability policy. The Defendant-Insureds, Origis USA LLC and its officer Guy Vanderhaegen, have filed a motion to dismiss the amended complaint based on the Court's discretion under the Declaratory Judgment Act. (ECF No. 27.) The Plaintiff-Insurer filed a response (ECF No. 28), and the Defendants replied. (ECF No. 29.) Upon review of the record, the relevant caselaw, and the parties' submissions, the Court **grants** the Defendants' motion. (**ECF No. 27**.)

### I.     Background

The Defendants were sued in New York by shareholders on February 14, 2023 (the "underlying lawsuit"). (Am. Compl. at 1-2.) The Plaintiff-Insurer, Great American Insurance Company, provides the Defendants with directors and officers liability insurance that Great American claims does not afford coverage for the underlying lawsuit. (*Id.* at 3-4.) Great American filed this lawsuit on June 8, 2023, which, as amended, seeks declaratory judgments that Great American 1) has no duty to reimburse any costs of defense in the underlying lawsuit, and 2) no duty to indemnify the Defendants. (*Id.* ¶¶ 81-95.) Then, on July 13, 2023, the Defendants filed their own declaratory judgment action in Delaware state court against Great American and eleven other insurers that the Defendants believe provide coverage for the underlying lawsuit. (Mot. to Dismiss, ECF No. 27 at 7.)

The Defendants have filed a motion to dismiss the amended complaint, arguing that the Court should exercise its discretion under the Declaratory Judgment Act to decline to hear the dispute because of the parallel action pending in Delaware state court. (*See generally id.*) The Plaintiff responded, arguing that this case should proceed as the first-filed action, that the state

court case is meritless, and that neither the Declaratory Judgment Act nor any abstention doctrine favors dismissal. (*See generally* Pl.'s Resp., ECF No. 28.)

## II.     Legal Standard

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Thus, district courts dismiss declaratory judgment actions when, "in their best judgment, the costs outweigh the benefits." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1059 (11th Cir. 2022). "When district courts decide whether to proceed with declaratory judgment actions that raise issues also disputed in state court proceedings, they are called to balance conflicting interests—to foster efficient dispute resolution while still preserving the States' interests in resolving issues of state law in their own courts. Discerning the propriety of declaratory relief requires a circumspect sense of the whole affair." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1058 (11th Cir. 2022) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (cleaned up).

## III.    Analysis

The parties' main disagreement is about whether the existence of the Delaware state court case justifies the dismissal of this action using the discretion afforded to courts by the Declaratory Judgment Act. The Defendants argue that the Eleventh Circuit's precedent regarding declaratory judgment actions laid out in *Ameritas Variable Life Insurance Company v. Roach* dictates dismissal. 411 F.3d 1328 (11th Cir. 2005). The Plaintiff disagrees that *Ameritas* applies, instead arguing that the higher standard for abstention as established by the Supreme Court in *Colorado River Water Conservation District v. United States* controls. 424 U.S. 800. Further, according to the Plaintiff, the motion to dismiss should be denied because this action was filed before the Delaware state court case, and that the Delaware case is meritless anyway. The Court addresses these arguments in turn.

### A. Whether *Ameritas* or *Colorado River* applies

First, the Court concludes that the *Ameritas* framework guides the analysis in this case because it applies where "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Ameritas*, 411 F.3d at 1330. On the other hand, for lawsuits involving monetary damages, the *Colorado River* abstention doctrine is used to determine if a federal court should dismiss or stay an action in favor of a parallel state case. Under *Colorado River,* the district court should only abstain

under "exceptional circumstances." *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004). *Colorado River* is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813.

The Defendants argue that *Ameritas* governs the Court's analysis because both the federal and state court actions seek declaratory judgments and both actions will determine the same legal issues between the Plaintiff and Defendants regarding the insurance policy. The Plaintiff disagrees that *Ameritas* should govern the analysis, instead arguing that the factors laid out in *Colorado River* should govern because there are monetary damages at stake in this case due to the Plaintiff's request for reimbursement of costs imbedded in the first declaratory judgment claim. (Pl.'s Resp., ECF No. 28 at 11-12.) Because *Colorado River* only allows abstention in "exceptional circumstances," the Plaintiff claims that this court must not dismiss the case. *Id.*

Here, *Ameritas* clearly applies. Both of the Plaintiff's claims are for declaratory judgment on the Plaintiff's duties to the Defendant in relation to the underlying lawsuit. (*See* Am. Compl., ECF No. 19 ¶¶ 81-95.) As pleaded, irrespective of the Plaintiff's requests for reimbursement of potential costs and to amend its complaint to add a damages claim, the amended complaint does not make a damages claim, let alone one that is independent of the declaratory claims. *See Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1155 (S.D. Fla. 2019) (Scola, J.). Additionally, the issues in both this and the Delaware state case concern the Plaintiff's duties under the insurance contract with the Defendants, and the Plaintiff does not dispute that that inquiry will involve the application of state law. This case therefore squarely falls within the Eleventh Circuit's *Ameritas* framework.

### B. Application of the *Ameritas* factors

In *Ameritas,* the Eleventh Circuit explained that the "Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant. It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." 411 F.3d at 1330 (cleaned up). Following the Supreme Court's decisions in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Eleventh Circuit held that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit" where there is a parallel suit pending in state court. *Id.* The Eleventh Circuit set forth a nine-part test "to aid district courts in balancing state and federal interests." *Id.* at 1331. Under this test, the district court should consider: (1) the strength of the state's interest in having the

issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Id.*

Upon application of the *Ameritas* factors to this case, the Court finds that the factors weigh in favor of abstention. The first factor concerns the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court. *Ameritas*, 411 F.3d at 1331. As a preliminary matter, the Plaintiff does not appear to dispute the Defendants' claim that Delaware state law governs the insurance contract, instead focusing on the fact that Origis USA is headquartered in Miami, Florida to argue that this Court has an interest in deciding the case. (Mot. to Dismiss, ECF No. 27 at 5; Pl.'s Resp., ECF No. 28 at 17.) Both Delaware and Florida have some interest in the case, but state, not federal, courts have a substantial interest in how the undisputedly applicable state law should be applied to insurance contracts. *See Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329, 1336 (S.D. Fla. 2018) (noting where Florida law governs an insurance policy, "Florida has a strong interest in this case and federal jurisdiction over this action would only encroach the province of the state court"). This factor points toward abstention.

The second factor looks to whether the judgment in the federal action would settle the controversy. *Ameritas*, 411 F.3d at 1331. A decision in this case would not. A judgment in this case would only determine the rights between the Defendants and one of their various insurers, and joining the eleven other insurers would destroy diversity, leaving this Court without jurisdiction to provide the more fulsome relief potentially available in the state court suit. Further, if both lawsuits are allowed to proceed there is the possibility of inconsistent verdicts on the same issue among the same parties. Therefore, this factor also favors abstention.

The third factor asks whether the federal action would serve a useful purpose in clarifying the legal relations at issue. *Id.* Although a decision by the Court in this case would indeed clarify the legal relations of the parties, it would not provide complete relief and could, as discussed above, lead to inconsistent verdicts if allowed to proceed. This factor weighs weakly in favor of abstention.

The fourth factor considers whether the declaratory remedy is being used as a race for res judicata or to achieve a federal hearing in a case otherwise not removable. *Id.* As discussed above, the Delaware action is not removable because of the lack of complete diversity between the parties. (Mot. to Dismiss, ECF No. 27 at 5.) However, this action was filed first, and the parties each make accusations against the other of rushing to the courthouse and forum shopping. (*Id.* at 16-17; Pl.'s Resp. at 1, 18.) There is insufficient evidence to conclude that the Plaintiff filed the federal action for tactical procedural fencing purposes, but the Court agrees with the Defendant that "friction" between the federal and state courts could occur, weighing in favor of abstention under the fifth factor. *Ameritas,* 411 F.3d at 1331. This case creates the "potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have res judicata effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations." *Lexington Ins. Co. v. Rolison,* 434 F. Supp. 2d 1228, 1241 (2006).

The sixth factor considers whether there is an alternative remedy that is better or more effective. *Ameritas,* 411 F.3d at 1331. The state court remedy, that would involve all relevant insurers, would be better and more effective than the resolution of the dispute only between the parties to this action. *Nat'l Trust Ins. Co. v. S. Heating & Cooling,* 12 F.4th 1278, 1289 (11th Cir. 2021) (holding that the broader state action that would resolve factual disputes necessary to resolve the coverage dispute supported the district court's assessment of the sixth factor as favoring dismissal). It would also be preferable if Delaware law does indeed govern the insurance contracts at issue. Therefore, this factor weighs heavily in favor of abstention.

Factors seven and eight are whether the underlying factual issues are important to an informed resolution of the case and whether the state trial court is in a better position to evaluate those factual issues than is the federal court. *Id.* The issues in this case involve the interpretation of an insurance contract under either Delaware or Florida law, although there are no factual issues that heavily favor the Delaware state action. Again, a Delaware state court is better situated to analyze these Delaware law issues than a Florida

federal court, and even if Florida law applies, a federal court is still not in the ideal position. These factors also weigh in favor of abstention.

The last *Ameritas* factor asks whether there is a close nexus between the underlying factual and legal issues and state law or whether the federal common or statutory law dictates resolution of the issues. *Id.* "This factor unambiguously weighs in favor of abstention." *Lexington*, 434 F. Supp. 2d at 1242. The Plaintiff's complaint raises exclusively state law issues related to the interpretation of an insurance contract under state law.

After weighing each of the *Ameritas* factors, the Court concludes that it should decline to exercise jurisdiction over the Plaintiff's claims and dismiss this case in favor of the state court case.

### C. The Plaintiff's additional arguments

The Plaintiff also argues that this Court should retain jurisdiction because the Delaware state action is meritless and was filed later than the instant action. (*See* Pl.'s Resp., ECF No. 28 at 5-10.) First, the Court declines to evaluate the merits of the Delaware action. Even if such evaluation was appropriate, the merits of the state court action and the date of filing (as the Plaintiff also argues) are accounted for under the *Ameritas* framework to the extent the Court finds them relevant. *See Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1286 (11th Cir. 2021) ("[W]e essentially employ a totality-of-the-circumstances standard in this circuit. That is because the guideposts that we provided in *Ameritas* are not exhaustive; not all are required; and no one is controlling.") As the Court has already concluded that dismissal is proper under *Ameritas*, it declines to separately consider the Plaintiff's arguments regarding the order in which the cases were filed and the merits of the state court case.

### D. The Plaintiff's request for leave to amend

Further, the Court dismisses the Plaintiff's complaint without leave to amend, denying the request made in the conclusion of the Plaintiff's response to the motion to dismiss. (Pl.'s Resp., ECF No. 28 at 20.) The request is both procedurally defective and lacking in any substantive support. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)) (alteration in original). Additionally, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). And it must "state with particularity the grounds for seeking the order[,] and state the relief sought." *Id.* The Plaintiff only raised the request in its response to the

motion to dismiss and never via motion. (*See* Pl.'s Resp., ECF No. 28 at 20.) In addition to the Plaintiff's failure to properly request leave to amend, it has already amended the complaint once. (ECF No. 19.) And the Court notes that an amendment would likely be futile at this stage because the case would still be, at its core, a declaratory judgment action to which *Ameritas* applies. *See Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1155 (S.D. Fla. 2019) (Scola, J.).

### IV.  Conclusion

For these reasons, the Court **grants** the Defendants' motion to dismiss. (**ECF No. 27**.) The amended complaint is **dismissed without prejudice**. (**ECF No. 19**.)

The Clerk is directed to **close** the case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on November 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge